81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald CASPER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franice Laura GOUGH, Defendant-Appellant.
 Nos. 95-30165, 95-30166.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided April 5, 1996.
 
 Before: FLETCHER, JOHN T. NOONAN, Jr., and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Casper appeals the district court's denial of his motion to dismiss as time-barred 22 counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of equity skimming, in violation of 12 U.S.C. § 1709-2, charged in the superseding indictment returned May 12, 1994. Franice Laura Gough appeals the district court's denial of her motion to dismiss as time-barred one count of equity skimming, in violation of 12 U.S.C. § 1709-2, charged in the same superseding indictment, and denial of her motion to sever pursuant to Fed.R.Crim.Proc. 14.
 
 
 3
 We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 4
 * Casper's argument that the entire fraud offense was complete on March 9, 1987, and that the statute of limitations had therefore expired by the time the indictment was returned on April 16, 1992 fails because, as of that date, only the March 9, 1987 mailing was outside the statute. Both the indictment and the superseding indictment (returned May 13, 1994) charge a scheme to defraud commencing November 26, 1986 and continuing through November 1, 1989. See, e.g., United States v. Mastelotto, 717 F.2d 1238 (9th Cir.1983). Relying on United States v. Musacchio, 968 F.2d 782 (9th Cir.1991), Casper maintains that with the first mailing on March 9, 1987 all essential elements for a conviction had occurred, but that is true only as to the March 9, 1987 mailing itself. All mailings except for the March 9, 1987 mailing are within the statute and neither the scheme to defraud, nor any of the specific mailings which comprise it, save for the March 9 mailing, are time-barred just because one of the mailings took place outside the period. As to the March 9, 1987 mailing itself, whatever complaint Casper may have had about its being time-barred is immaterial since he was acquitted on Count 1 of the superseding indictment. Finally, Casper's suggestion that the indictment was duplicitous lacks force for that defect, if any, was cured in the superseding indictment.
 
 
 5
 Casper's similar contention with respect to Count Two in the indictment (and Count 23 in the superseding indictment) also fails. Equity skimming consists of a "pattern or practice" of purchasing dwellings which are subject to a loan, secured by a mortgage insured or held by one of several government agencies, in default at the time of purchase or within one year thereafter, failing to make mortgage payments, and applying rents for one's own use. 12 U.S.C. §§ 1709-2(1)-(3). The offense charged is not complete when the second property acquired goes into default, as Casper would have it, but when the last act that is a part of the scheme has been performed. The district court did not err in finding that this did not occur prior to December 1989 as rents were received at least until then.
 
 
 6
 Casper next contends that by the return date of the 1994 superseding indictment all mailings in Counts One through 21 were more than five years old. This, however, makes no difference because, as the district court found and Casper concedes, Counts 1-21 did not broaden or substantially amend the charges in the original indictment. The same facts were used and the same scheme was charged; the statute of limitations was therefore tolled as to these charges. United States v. Pacheco, 912 F.2d 297 (9th Cir.1990). The only "new" mailings that were charged occurred on February 28, 1989 and November 1, 1989, well within the statute, but Casper was in any event acquitted on both. The statute of limitations was, therefore, tolled as to these charges. United States v. Pacheco, 912 F.2d 297 (9th Cir.1990).
 
 
 7
 Casper rejoins that the government failed to show that Casper had notice of the indictment, or whether it was sealed or not. We cannot say that the district court clearly erred, however, in finding that the indictment was published, a warrant for Casper was issued on April 17, 1992, and Casper intentionally avoided arraignment on the April 1992 indictment.
 
 II
 
 8
 Gough's argument that the district court erred in denying her motion to dismiss Count 23 of the superseding indictment charging her with equity skimming, on the grounds that it was barred by the statute of limitations, falls for the same reasons we have already explained.
 
 
 9
 Gough further argues that her trial should have been severed from Casper's because the 23 count superseding indictment contained only two counts regarding her involvement in the scheme whereas Casper was named in all 23; the government spent more time presenting evidence against Casper; they had markedly different degrees of culpability; the degree of guilt was weighted against Gough; and her common law relationship with Casper increased the danger that the jury attributed Casper's culpable acts to Gough. We see no abuse of discretion. The evidence showed that Gough maintained a checking account where rent checks were deposited, had sole signatory authority for the account, collected rents, formed American Oak Investments, Inc., and was otherwise personally involved in the scheme. The jury demonstrated its ability to compartmentalize. Although counsel suggested at argument that Gough was prejudiced by being unable to call Casper, there is no evidence he would have testified. Further, the jury was properly instructed to consider the case against each defendant separately. Accordingly, the district court did not abuse its discretion in denying the motion to sever. United States v. Vasquez-Velasco, 15 F.3d 833 (9th Cir.1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3